# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| DEREK Q. JAMES, Register No. 182777, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-4194-CV-C-NKL |
| ) | |
| LARRY CRAWFORD, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Derek Q. James, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1. Named as defendants are numerous personnel of the Missouri Department of Corrections.

Plaintiff complains that he has not been allowed to shave since August 31, 2007, and is suffering 24-hour itching and scratching and sleep deprivation. Plaintiff claims he is required to share a shaving device with other inmates if he desires to shave.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915. Under section 1915, the in forma pauperis statute, the court must dismiss the case if it finds the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Additionally, if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under 28 U.S.C. § 1915(g). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." Id.

Plaintiff's claims are virtually identical to those presented in an earlier action filed by plaintiff in James v. Dormire, No. 07-4141 (W.D. Mo. filed July 27, 2007), in which plaintiff alleged that he and other inmates are being forced to share electric razors with inmates who are

HIV positive or who have other skin diseases. Plaintiff seeks injunctive relief and damages in both complaints.

"The court may consult its own records as an aid in determining whether the complaint is frivolous." Van Meter v. Morgan, 518 F.2d 366, 368 (8th Cir. 1975). Where the court finds that an indigent plaintiff seeks to file in forma pauperis a complaint which presents claims that are similar, if not identical, to those which are alleged by him in another pending action, the duplicate case may be dismissed under section 1915. Id., 518 F.2d at 367. The courts are not required to entertain redundant lawsuits, whether or not the plaintiff can pay the filing fee. Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984). Thus, while plaintiff may be entitled to proceed in forma pauperis to prosecute claims which are not otherwise "frivolous or malicious" under 28 U.S.C. § 1915, he is not entitled to expend unnecessarily the limited resources of the court and opposing parties by the initiation of duplicative actions.

Moreover, the court notes plaintiff is a frequent filer of prisoner complaints and has had three or more complaints and/or portions of his complaint dismissed as frivolous, malicious or for failure to state a claim on which relief may be granted. See James v. Schriro, No. 99-3392 (W.D. Mo. 1999) (frivolous); James v. Schriro, No. 00-1461 (8th Cir. 2000) (district court's dismissal as frivolous summarily affirmed; affirmance counts as strike under 28 U.S.C. § 1915(g)); James v. Schriro, No. 99-4264 (W.D. Mo. 2000) (failure to state a claim).

IT IS, THEREFORE, ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, on the basis of indigence. It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted. It is further

RECOMMENDED that plaintiff's motions for a temporary restraining order and for preliminary injunctive relief be denied. [2]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time

to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

As previously stated, the court has granted plaintiff leave to proceed in forma pauperis on a provisional basis. By doing so, the court has foregone collection of the $350.00 filing fee established for civil cases. Plaintiff is now warned that the court will attempt collection of the entire $350.00 filing fee if plaintiff files another pleading of any type whatsoever in this case. See 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). Under section 1915(b), installment payments are permitted after the assessment and payment of an initial partial filing fee.

Dated this 18th day of October, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3